# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LAUREN MOORE,             )
                              )
       Plaintiff,          )
                              )
       v.                )      C.A. No.: N18C-09-044 SKR
                              )
DELI DAYS, LLC, a Delaware   )
Corporation, d/b/a ARENA'S AT THE  )
AIRPORT; SUSSEX COUNTY,   )
Delaware, d/b/a DELAWARE    )
COASTAL AIRPORT,         )
                              )
       Defendants.     )

## MEMORANDUM ORDER

This 29th day of May, 2020, upon consideration of Defendant Sussex County's ("Defendant") Motion for Summary Judgment (the "Motion"),[1] Plaintiff Lauren Moore's ("Plaintiff") Opposition,[2] oral arguments from both sides, and the parties' supplemental briefs,[3] it appears to the Court that:

1. Plaintiff allegedly suffered serious physical injury when she slipped and fell in the women's restroom at the Delaware Coastal Airport, which is owned and operated by Defendant. Plaintiff's Complaint alleges that Defendant had a duty to maintain the restroom in a reasonably safe condition and that Defendant's negligence in discharging that duty proximately caused Plaintiff's fall.

---

[1] Trans. ID 64453623.
[2] Trans. ID 64668858.
[3] Trans. ID 64743929; Trans. ID 64783767.

2. Defendant moves for summary judgment pursuant to Delaware Superior Court Civil Rule 56(c) ("Rule 56(c)"). Rule 56(c) states that summary judgment should be granted where there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law.

3. On a motion for summary judgment, the Court must consider the facts in the light most favorable to the non-moving party.[4] Generally, "issues of negligence are not susceptible of summary adjudication."[5] Summary judgment will not be granted under circumstances where the record reasonably indicates that a material fact is in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.[6]

3. Defendant contends that it is entitled to judgment as a matter of law because the record is insufficient to support a *prima facie* case of negligence under a theory of premises liability. According to Defendant, Plaintiff must prove four essential elements in this case: (1) [Plaintiff]'s injuries were caused by an unreasonably dangerous condition; (2) which [Defendant] knew or should have discovered by the exercise of reasonable care; (3) which [Defendant] was more likely than [Plaintiff] to know about or discover in the exercise of reasonable care; and (4) [Defendant] failed to use reasonable care to protect the invitee. Defendant argues that "if a plaintiff in a premises liability action fails to establish that

---

[4] *Moore v. Sizemore*, 405 A.2d 679 (Del. 1979).
[5] *Ebersole v. Lowengrub*, 180 A.2d 467, 468 (Del. 1962).
[6] *Id.*

2

Defendant had or should have had sufficient notice, then Defendant owed no duty to warn and, thus, the Court must determine that Plaintiff cannot sustain her claims against said Defendant."[7]

4. Defendant claims that there is no evidence in the record that could support a reasonable inference that Defendant had actual or constructive notice of the spilled water. Defendant relies on the Plaintiff's inability to identify the source or timing of the water spill, and states that the spill could have occurred immediately before Plaintiff entered the bathroom, in which case Defendant would not have been able to discover the water with reasonable methods of inspection.

5. However, the Court finds Defendant's categorization of the "dangerous condition" too narrow. A jury could reasonably find that an unattended bathroom is a dangerous condition in and of itself. Upon such finding, Defendant could be charged with notice of the dangerous condition because it is Defendant's standard practice to not staff maintenance workers after 4:30 pm during the week, and at any time on the weekends. This is despite the fact that the airport remains open to the public 24 hours per day, seven days per week.

6. In *Wise v. Wilmington Housing Authority*,[8] the Court denied the Wilmington Housing Authority's ("WHA") motion for summary judgment where the plaintiff slipped and fell in the lobby of an apartment building owned and

---

[7] Defendant's Supplemental Brief at 2, Trans. ID 64743929.
[8] 2003 WL 22594455 (Del. Super. Ct. Nov. 7, 2003).

operated by WHA. In that case, the plaintiff slipped on spilled coffee by the entrance of an elevator. The plaintiff had walked by those elevators just minutes prior to her fall and testified that she did not see any spilled coffee at that time. The record did not contain any other facts that were probative of the time or manner in which the coffee spilled. WHA argued that the record was insufficient to support a reasonable finding that WHA had actual or constructive knowledge of the spilled coffee. However, the Court denied summary judgment because, *inter alia*, "[the plaintiff] has raised the following [material] factual issues: … (2) whether [the defendant] failed to establish reasonable procedures for Defendant's employees to identify and remove hazards such as spills on the weekends…".[9]

7. In this case, the Court finds that the record supports a genuine dispute of material fact as to whether Defendant's procedures for maintaining the restroom in question constitutes a negligent breach of Defendant's duty to maintain the restroom in a reasonably safe condition. As this finding is dispositive of Defendant's Motion, the Court will not consider additional theories of negligence that the record may support. This finding does not limit Plaintiff's triable theories of negligence to the one outlined by the Court.

---

[9] *Wise v. Wilmington Housing Authority*, 2003 WL 22594455, *4 (Del. Super. Ct. Nov. 7, 2003).

8. Consistent with the general rule that issues of negligence are not susceptible to summary adjudication, the Court finds that whether Defendant was negligent should be decided by the trier of fact at trial.

For the foregoing reasons, Defendant's Motion for Summary Judgment is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Cc:   Brian Lutness, Esq., Silverman McDonald & Friedman, Wilmington, DE

Lisa Grubb, Marshall Dennehey Warner Coleman & Goggin, Wilmington, DE

Stephen F. Dryden, Esq., Weber Gallagher Simpson Stapleton Fires & Newby, Wilmington, DE